16

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
MAY - 3 2018
U.S. DISTRICT COURT
FLINT, MICHIGAN

SCOTT M. RHODES,

        Plaintiff,

v.

CHARTER TOWNSHIP OF NORTHVILLE, TODD MULCHER, individually, CHRISTOPHER COX, individually, and DAVID ROBERTS, individually, jointly and severally,

        Defendants.

Case No. 17-11686

Hon. Terrence G. Berg
United States District Judge

Hon. Stephanie Dawkins Davis
Magistrate Judge

| | |
|---|---|
| Scott M. Rhodes<br>Plaintiff, *Pro Se*<br>617 N. Center St.<br>Northville, MI 48167<br>313-671-5096<br>scottrhodes@me.com | Jeffrey R. Clark<br>Cummings, McClorey,<br>17436 College Parkway<br>Livonia, MI 48152<br>734-261-2400<br>jclark@cmda-law.com |

## FIRST AMENDED COMPLAINT

Plaintiff Scott M. Rhodes, proceeding *pro se*, complains against Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Scott M. Rhodes resides in the City of Northville, in the County of Wayne, State of Michigan.

2. Defendant Charter Township of Northville ("Township") is a municipal corporation, duly organized and carrying on governmental functions in the Township of Northville, County of Wayne, State of Michigan.

3. Defendant Todd Mulcher ("Mulcher") is an employee of the Charter Township of Northville and holds the position of Public Safety Director for the Township.

4. Defendant Christopher Cox ("Cox") is an employee of the Charter Township of Northville and holds the position of police sergeant for the Township.

5. Defendant David Roberts ("Roberts") is an employee of the Charter Township of Northville and holds the position of police officer for the Township.

6. At all relevant times, Defendants Mulcher, Cox, and Roberts acted under color of state law.

7. At all relevant times, Defendants Mulcher, Cox, and Roberts acted under the authorization of, and pursuant to, the official municipal programs, policies and customs of the Township, such that the official municipal programs, polices and customs of the Township were the moving force behind the constitutional violations alleged in this Complaint.

8. This Court has subject matter jurisdiction over this matter because Plaintiff's claims arise under federal law, specifically 42 U.S.C. § 1983.

9. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because Defendants reside in the Eastern District of Michigan, conduct business in the Eastern District of Michigan, and the claims at issue in this case arise out of Defendant's conduct in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

11. Plaintiff Scott M. Rhodes resides in the City of Northville, Michigan.

12. Plaintiff's ex-wife resides in the Charter Township of Northville, Michigan.

13. Plaintiff divorced from his ex-wife in June 2016.

14. Plaintiff and his ex-wife have a young child in common.

15. The separation, divorce, and custody process involving Plaintiff and his ex-wife have been contentious and acrimonious.

16. Since November 2015, approximately 100-150 police contacts (calls and/or reports) have been made involving Plaintiff and his ex-wife, with most of those calls originating with the Northville Community Dispatch, which is operated by the defendant Township.

17. Pursuant to a court order, Plaintiff and his ex-wife complete their child exchanges in the lobby of the Township police station.

18. During one child exchange, Plaintiff's ex-wife called Plaintiff's mother "fucking bitch" in the lobby of the Township police station.

19. This incident gave rise to a police report, but Plaintiff's ex-spouse was not questioned, charged, or arrested.

20. On another occasion, Plaintiff's ex-spouse filed a police report regarding a child exchange in the lobby of the Township police report.

21. The police report for that incident noted that Plaintiff's ex-spouse became angry with a police officer inside the lobby.

22. On March 7, 2017, Plaintiff communicated with his ex-spouse regarding a child exchange scheduled for that day.

23. During these communications, Plaintiff's ex-spouse attempted to change Plaintiff's visitation hours with their child and also threatened to withhold the child from visitation, so she could go pick up a new car.

24. As a result of this exchange, Plaintiff called Northville Community Dispatch and spoke with dispatcher Jennifer Allen.

25. Plaintiff asked for a welfare check on his son, but Allen placed him on a long hold and never stated that a welfare check would or would not occur.

26. While Plaintiff was on hold with the Community Dispatch, Plaintiff's ex-spouse agreed to bring their child to the Township police department lobby for the exchange.

27. Plaintiff hung up the phone, drove to the Township police department, entered the lobby and stood at the farthest point from the dispatch office to wait for his child.

28. Plaintiff had his back turned to the dispatch office looking out the Lobby window.

29. Allen engaged and began yelling at Plaintiff from behind the counter in the lobby.

30. Plaintiff responded by asking Allen, "are you seriously scolding me?" and telling her, "you do not know what I am going through."

31. Plaintiff asked to file a complaint against Allen based on her behavior towards him in the lobby.

32. Plaintiff contacted Defendant Cox to file a complaint regarding Allen's behavior.

33. For the next 75 days, from March 7, 2017 to May 21, 2017, Plaintiff visited the Township police department lobby on approximately 22 occasions for child exchanges with his ex-wife.

34. These exchanges were completed without incident.

35. On May 21, 2017, Plaintiff arrived at the Township police department for a child exchange.

36. During the exchange, Plaintiff's ex-spouse told him, "you are going down."

37. As Plaintiff exited the building, four Township police officers arrested him.

38. Township officer arrested Plaintiff in the presence of his son, ex-wife, and multiple members of the public.

39. Defendant Cox then informed Plaintiff he was arrested for "disorderly conduct" based on the events involving dispatcher Allen in the Township police department lobby on March 7, 2017.

40. Defendant Cox told Plaintiff, "if you would had never made a complaint, this would not have happened."

41. Defendant Cox also told Plaintiff he was charged with disorderly conduct/disturbance of the peace, in violation of Township Ordinance 67-6, because he had been "angry" on March 7, 2017.

42. Township Ordinance 67-6 provides as follows:

> § 67-6
>
> Violent acts, vulgar language and disturbance of the peace.
>
> It shall be unlawful for any person to act in a violent, boisterous, turbulent, quarrelsome, indecent or disorderly manner, or to use profane, obscene or vulgar language, or to disturb the good order, peace and dignity of the Township, its inhabitants or other persons.

43. Defendant Cox created a spurious police report containing false information to support charges against Plaintiff and influenced a witness to make an

unfavorable statement to support charges against Plaintiff based on the events of March 7, 2017.

44. On December 19, 2017, Judge Lowe of the State of Michigan 35th District Court entered an order dismissing the criminal charges against Plaintiff.

45. As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff incurred thousands of dollars in attorney fees and costs defending himself against the false charges of disorderly conduct.

46. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered loss of liberty and incarceration, embarrassment, indignation, anxiety, mental anguish, emotional distress, humiliation, outrage, shame, fear, loss of income, damage to reputation, denial of constitutional rights, and wrongfully incurred attorney fees and costs, as well as other injuries, damages and consequences caused by Defendant's unconstitutional actions.

## COUNT I
## WRONGFUL ARREST IN VIOLATION OF 42 U.S.C. § 1983

47. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

48. Acting under color of law, Defendants violated Plaintiff's right to be free from unreasonable seizure of his person, as guaranteed by the Fourth and

Fourteenth Amendments of the United States Constitution, by unlawfully arresting Plaintiff and prosecuting him without probable cause to establish he had committed a crime.

49. At the time of the events giving rise to this case, it was clearly established and known to reasonable officers that it is unconstitutional to arrest any person without probable cause.

50. Each of the individual defendants made, influenced, aided and/or participated in the decision to criminally prosecute Plaintiff and to detain Plaintiff.

51. The criminal prosecution against Plaintiff terminated in Plaintiff's favor when the criminal charges against him were dismissed.

52. As a direct and proximate result of the unconstitutional conduct of the defendants, Plaintiff suffered loss of liberty and detention pursuant to legal process.

53. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered loss of liberty and incarceration, embarrassment, indignation, anxiety, mental anguish, emotional distress, humiliation, outrage, shame, fear, loss of income, damage to reputation, denial of constitutional rights, and wrongfully incurred attorney fees and costs, as well as other injuries, damages and consequences caused by Defendant's unconstitutional actions.

## COUNT II
## MALICIOUS PROSECUTION/UNREASONABLE PROSECUTORIAL SEIZURE IN VIOLATION OF 42 U.S.C. § 1983

54. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

55. Acting under color of law, Defendants violated Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from malicious prosecution/unreasonable prosecutorial seizure, by wrongfully investigating, prosecuting, and detaining Plaintiff without probable cause.

56. At the time of the events giving rise to this case, it was clearly established and known to reasonable officers that it is unconstitutional to arrest any person without probable cause.

57. Each of the individual defendants made, influenced, aided and/or participated in the decision to criminally prosecute Plaintiff and to detain Plaintiff.

58. The criminal prosecution against Plaintiff terminated in Plaintiff's favor when the criminal charges against him were dismissed.

59. As a direct and proximate result of the unconstitutional conduct of the defendants, Plaintiff suffered loss of liberty and detention pursuant to legal process.

60. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered loss of liberty and incarceration, embarrassment,

indignation, anxiety, mental anguish, emotional distress, humiliation, outrage, shame, fear, loss of income, damage to reputation, denial of constitutional rights, and wrongfully incurred attorney fees and costs, as well as other injuries, damages and consequences caused by Defendant's unconstitutional actions.

## COUNT III
## RETALIATORY ARREST AND PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983
## RETALIATION FOR FIRST AMENDMENT ACTIVITY

61. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

62. The First Amendment to the United States Constitution prohibits abridgment of the freedom of speech.

63. The First Amendment is incorporated against the states by the Fourteenth Amendment

64. The First Amendment protects the right of individuals to express disagreement with public officials without fear of reprisal based on that expression.

65. Under 42 U.S.C. § 1983, every person acting under color of state law who deprives another person of his or her constitutional rights is liable at law and in equity.

66. Plaintiff engaged in protected activity under the First and Fourteenth Amendments when he visited the Northville Township Police Department to take custody of his son, and when he filed a citizen complaint regarding the actions of Township employee Jennifer Allen.

67. Defendants retaliated against Plaintiff's First Amendment activities by investigating and arresting him without probable cause.

68. Acting under color of law, Defendants violated Plaintiff's clearly established right under the First and Fourteenth Amendments to the United States Constitution to be free from arrest and prosecution in retaliation for Plaintiff engaging in activities protected by the First and Fourteenth Amendments of the United States Constitution.

69. Each of the individual defendants made, influenced, aided and/or participated in the decision to investigate and arrest Plaintiff in retaliation for his First Amendment activities.

70. The criminal prosecution against Plaintiff terminated in Plaintiff's favor when the criminal charges against him were dismissed.

71. As a direct and proximate result of the unconstitutional conduct of the defendants, Plaintiff suffered loss of liberty and detention pursuant to legal process.

72. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered loss of liberty and incarceration, embarrassment, indignation, anxiety, mental anguish, emotional distress, humiliation, outrage, shame, fear, loss of income, damage to reputation, denial of constitutional rights, and wrongfully incurred attorney fees and costs, as well as other injuries, damages and consequences caused by Defendant's unconstitutional actions.

## COUNT IV
## FACIAL AND AS-APPLIED VIOLATION OF FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH
## ALL DEFENDANTS

73. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

74. The ordinance at issue in this case is Northville Township Ordinance 67-6, which provides as follows:

> § 67-6
>
> Violent acts, vulgar language and disturbance of the peace.
>
> It shall be unlawful for any person to act in a violent, boisterous, turbulent, quarrelsome, indecent or disorderly manner, or to use profane, obscene or vulgar language, or to disturb the good order, peace and dignity of the Township, its inhabitants or other persons.

75. The ordinance is facially invalid under the First Amendment because it is a content-based restriction on speech in a public forum in a manner that is not narrowly tailored to serve a compelling state interest, and because it prohibits a substantial amount of protected speech.

76. The ordinance is unconstitutional on its face because it is vague and overbroad and criminalizes activities that are protected by the First Amendment.

77. The ordinance is unconstitutional as applied in this case because Plaintiff was arrested, detained and prosecuted under the ordinance for engaging in constitutionally protected speech.

**COUNT V
FACIAL AND AS-APPLIED VIOLATION OF
THE DUE PROCESS CLAUSE
OF THE FOURTEENTH AMENDMENT
ALL DEFENDANTS**

78. Plaintiff incorporates all the foregoing paragraphs by reference as if stated in full herein.

79. The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing unconstitutionally vague laws. Persons violating the Due Process Clause under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

80. Northville Township Ordinance 67-6 is invalid under the vagueness doctrine of the Due Process Clause of the Fourteenth Amendment, as applied to Plaintiff, because it fails to provide a person of ordinary intelligence fair notice that expressing disagreement with a municipal employee is prohibited under the Ordinance.

81. Defendants, acting under color of state law, violated Plaintiff's clearly established rights under the Due Process Clause by adopting and enforcing the Ordinance against Plaintiff based on Plaintiff's disagreement with a Township employee, and by citing and arresting him for such conduct.

## RELIEF REQUESTED

82. For all of the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, for whatever amount the jury may determine for compensatory damages.

83. Plaintiff further demands judgment against each Defendant officer, individually, for punitive damages in whatever amount the jury may determine.

84. Plaintiff further requests that this Court enter a judgment declaring that Northville Township Ordinance 67-6 violates the United States Constitution, on its face and as applied.

85. Plaintiff further demands costs, interest and actual attorney fees pursuant to 42 U.S.C. §1988.

86. Plaintiff further demands whatever other relief is equitable, reasonable and just under the circumstances.

Respectfully submitted,

*Scott M. Rhodes (w/ cmt)*
Scott M. Rhodes
Pro Se
617 N. Center St.
Northville, MI 48167

Date: May 2, 2018